IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ZITOVAULT, LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 6:15-cv-906 |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION and | § | **JURY TRIAL DEMANDED** |
| SOFTLAYER TECHNOLOGIES, INC. | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ZitoVault, LLC ("ZitoVault") files this Complaint against Defendants International Business Machines Corporation ("IBM") and Softlayer Technologies, Inc. ("Softlayer") for patent infringement under 35 U.S.C. § 271 and allege, based on their own personal knowledge with respect to their own actions and based upon information and belief with respect to all others' actions, as follows:

**THE PARTIES**

1.      Plaintiff ZitoVault, LLC is a limited liability company organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 2647 Gateway Rd. Suite 105-125, Carlsbad, CA 92009.

2.      Defendant International Business Machines Corporation is a corporation organized under the laws of New York and maintains a principal place of business at 1 New Orchard Road, Armonk, New York 10504-1722.  IBM Corporation has designated CT Corp. System at 1999 Bryan St. Ste. 900, Dallas, TX 75201 as its agent for service of process.

3.     Defendant Softlayer Technologies, Inc. is a corporation organized under the laws of Delaware and maintains a principal place of business at 14001 North Dallas Parkway, Suite M100, Dallas, TX 75240-1301.  Softlayer has designated CT Corp. System at 1999 Bryan St. Ste. 900, Dallas, TX 75201 as its agent for service of process.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendants.  Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this district and/or have contributed to patent infringement by others in this district, the State of Texas, and elsewhere in the United States.

6.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Defendants are subject to personal jurisdiction in this district, Defendants regularly conduct business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## PATENT-IN-SUIT

7.     On November 19, 2002, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 6,484,257 (the "'257 patent" or "patent-in-suit") entitled "System and Method for Maintaining N Number of Simultaneous Cryptographic Sessions Using a Distributed Computing Environment."  Attached as Exhibit A.

8.     ZitoVault owns all rights, title, and interest in and to the '257 patent and possesses all rights of recovery.

9.     ZitoVault incorporates the patent-in-suit herein by reference.

10.     On February 24, 2015, the PTO issued a certificate of correction related to claims 1, 5, 6, and 7 of the '257 patent.

## FACTUAL ALLEGATIONS

11.     The '257 patent generally covers systems and methods that provide a scaleable way to maintain a number of cryptographic sessions.

12.     IBM makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing (the "Accused IBM Services").  The Accused IBM Services include services marketed under the names IBM Cloud, Softlayer, Softlayer Cloud Servers, and/or Bluemix.

13.     On information and belief, IBM acquired Softlayer in 2013.

14.     Softlayer makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing (the "Accused Softlayer Services").  The Accused Softlayer Services include services marketed under the names IBM Cloud, Softlayer, Softlayer Cloud Servers, and/or Bluemix.

15.     Defendants and their customers can use the Accused IBM Services and Accused Softlayer Services to maintain a number of cryptographic sessions with employees and members of the customer or with other end-users.  For example, Defendants and their customers can use Accused IBM Services and Accused Softlayer Services to host computing applications that users may connect to via a VPN, SSL/TLS, or other secure connection. Defendants scalably maintain cryptographic sessions with such computing applications on computers in its data centers in the United States, for example, by using features such as auto-scaling and load balancing.

16.     The '257 patent was cited as prior art during the prosecution of at least IBM U.S. Patent Nos. 6,931,529; 6,981,038; 6,986,061, and U.S. Patent Application No 10/712,665.

17.   Defendants have committed and continue to commit acts of infringement under 35 U.S.C. § 271 by making, using, offering for sale and/or selling the Accused IBM Services and Accused Softlayer Services.

## COUNT ONE: PATENT INFRINGEMENT BY IBM

18.   ZitoVault incorporates by reference the preceding paragraphs as if fully set forth herein.

19.   As described below, IBM has infringed and continues to infringe the '257 patent.

20.   The Accused IBM Services meet one or more claims of the '257 patent.

21.   IBM makes, uses, offers to sell, sells and/or imports the Accused IBM Services within the United States or into the United States without authority from Plaintiff.

22.   IBM therefore infringes the '257 patent under 35 U.S.C. § 271(a).

23.   IBM indirectly infringes the '257 patent by inducing infringement by others, such as its customers and end-users that generate cryptographic sessions with the Accused IBM Services, by, for example, instructing and encouraging its customers to host computing applications on the Accused IBM Services to provide scalable cryptographic sessions, and by instructing end-users to generate cryptographic sessions with the Accused IBM Services in the United States.

24.   IBM further instructs its customers and end-users how to use such products and services in a manner that infringes the '257 patent (e.g., through technical documentation, manuals, instructions, and technical support).  IBM further instructs its customers and end-users to infringe the '257 patent through the products and services themselves, e.g., through on-screen instructions, user interfaces, and command prompts. IBM still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products

and services, including supporting hardware and software systems, to infringe the '257 patent.

25.     IBM induces its customers to employ a main server capable of supporting secure communications with clients and agents.

26.     IBM induces its customers to enlist additional agents to maintain system performance at a desired level.  For example, IBM provides auto-scaling services, which may be used to support secure sessions.

27.     IBM took the above actions intending to cause others to infringe.

28.     IBM has actual knowledge of the '257 patent and knows that the others' actions, if taken, would constitute infringement of that patent.  Alternatively, IBM believes there is a high probability that others would infringe the '257 patent but has remained willfully blind to the infringing nature of others' actions.  IBM therefore infringes the '257 patent under 35 U.S.C. § 271(b).

29.     IBM indirectly infringes the '257 patent by contributing to infringement by others, such as its customers and end-users by offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the '257 patent, and components of products that are used to practice one or more processes/methods covered by the claims of the '257 patent and that constitute a material part of the inventions claimed in the '257 patent.  Such components are, for example, the Accused IBM Services that are capable of scalable servicing of cryptographic sessions.

30.     In the above offering to sell and/or selling, IBM knows these components to be especially made or especially adapted for use in an infringement of the '257 patent and that these components are not a staple article or commodity of commerce suitable for substantial

non-infringing use. Alternatively, IBM believes there is a high probability that others would infringe the '257 patent but it has remained willfully blind to the infringing nature of others' actions. IBM therefore infringes the '257 patent under 35 U.S.C. § 271(c).

31.    IBM's acts of infringement have caused damage to ZitoVault.  ZitoVault is entitled to recover from IBM the damages sustained by ZitoVault as a result of IBM's wrongful acts in an amount subject to proof at trial.  In addition, the infringing acts and practices of IBM have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to ZitoVault for which there is no adequate remedy at law, and for which ZitoVault is entitled to injunctive relief under 35 U.S.C. § 283.

32.    To the extent that IBM releases any new version of the Accused IBM Services, such instrumentalities meet claims of the '257 patent and infringe under 35 U.S.C. § 271(a)-(c) in ways analogous to IBM's current infringement described above.

### COUNT TWO: PATENT INFRINGEMENT BY SOFTLAYER

33.    ZitoVault incorporates by reference the preceding paragraphs as if fully set forth herein.

34.    As described below, Softlayer has infringed and continues to infringe the '257 patent.

35.    The Accused Softlayer Services meet one or more claims of the '257 patent.

36.    Softlayer makes, uses, offers to sell, sells and/or imports the Accused Softlayer Services within the United States or into the United States without authority from Plaintiff.

37.    Softlayer therefore infringes the '257 patent under 35 U.S.C. § 271(a).

38.    Softlayer indirectly infringes the '257 patent by inducing infringement by others, such as its customers and end-users that generate cryptographic sessions with the Accused Softlayer Services, by, for example, instructing and encouraging its customers to host

computing applications on the Accused Softlayer Services to provide scalable cryptographic sessions, and by instructing end-users to generate cryptographic sessions with the Accused Softlayer Services in the United States.

39.     Softlayer further instructs its customers and end-users how to use such products and services in a manner that infringes the '257 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Softlayer further instructs its customers and end-users to infringe the '257 patent through the products and services themselves, e.g., through on-screen instructions, user interfaces, and command prompts. Softlayer still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '257 patent.

40.     Softlayer induces its customers to employ a main server capable of supporting secure communications with clients and agents.

41.     Softlayer induces its customers to enlist additional agents to maintain system performance at a desired level.  For example, Softlayer provides auto-scaling services, which may be used to support secure sessions.

42.     Softlayer took the above actions intending to cause others to infringe.

43.     On information and belief, Softlayer has actual knowledge of the '257 patent, at least as of the date of its acquisition by IBM, and knows that the others' actions, if taken, would constitute infringement of that patent.  Alternatively, Softlayer believes there is a high probability that others would infringe the '257 patent but has remained willfully blind to

the infringing nature of others' actions. Softlayer therefore infringes the '257 patent under 35 U.S.C. § 271(b).

44.     Softlayer indirectly infringes the '257 patent by contributing to infringement by others, such as its customers and end-users by offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the '257 patent, and components of products that are used to practice one or more processes/methods covered by the claims of the '257 patent and that constitute a material part of the inventions claimed in the '257 patent. Such components are, for example, the Accused Softlayer Services that are capable of scalable servicing of cryptographic sessions.

45.     In the above offering to sell and/or selling, Softlayer knows these components to be especially made or especially adapted for use in an infringement of the '257 patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Softlayer believes there is a high probability that others would infringe the '257 patent but has remained willfully blind to the infringing nature of others' actions. Softlayer therefore infringes the '257 patent under 35 U.S.C. § 271(c).

46.     Softlayer's acts of infringement have caused damage to ZitoVault. ZitoVault is entitled to recover from Softlayer the damages sustained by ZitoVault as a result of Softlayer's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of Softlayer have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to

ZitoVault for which there is no adequate remedy at law, and for which ZitoVault is entitled to injunctive relief under 35 U.S.C. § 283.

47.    To the extent that Softlayer releases any new version of the Accused Softlayer Services, such instrumentalities meet claims of the '257 patent and infringe under 35 U.S.C. § 271(a)-(c) in ways analogous to Softlayer's current infringement described above.

## DEMAND FOR JURY TRIAL

ZitoVault hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

1.    A judgment that Defendants have directly infringed the '257 patent, contributorily infringed the '257 patent, and induced the infringement of the '257 patent;

2.    A judgment that Defendants' infringement of the '257 Patent has been willful;

3.    A preliminary and permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and inducing the infringement of the '257 patent;

4.    A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to ZitoVault its attorneys' fees incurred in prosecuting this action;

5.    A judgment and order requiring Defendants to pay ZitoVault damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

6.    A judgment and order requiring Defendants to pay ZitoVault the costs of this action (including all disbursements);

7.    A judgment and order requiring Defendants to pay ZitoVault pre-judgment and post-judgment interest on the damages awarded;

8. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that ZitoVault be awarded a compulsory ongoing licensing fee; and

9. Such other and further relief as the Court may deem just and proper.


DATED: October 16, 2015                    Respectfully submitted,

                                           **CALDWELL CASSADY & CURRY P.C.**



                                           _____
                                           Bradley W. Caldwell
                                           Texas State Bar No. 24040630
                                           Email: bcaldwell@caldwellcc.com
                                           Jason D. Cassady
                                           Texas State Bar No. 24045625
                                           Email: jcassady@caldwellcc.com
                                           John Austin Curry
                                           Texas State Bar No. 24059636
                                           Email: acurry@caldwellcc.com
                                           Justin Nemunaitis
                                           Texas State Bar No. 24065815
                                           Email:  jnemunaitis@caldwellcc.com
                                           **CALDWELL CASSADY CURRY P.C.**
                                           2101 Cedar Springs Road, Suite 1000
                                           Dallas, Texas 75201
                                           Telephone: (214) 888-4848
                                           Facsimile: (214) 888-4849

                                           **ATTORNEYS FOR PLAINTIFF**
                                           **ZITOVAULT, LLC**