**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ZITOVAULT, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION and SOFTLAYER TECHNOLOGIES, INC.<br><br>                Defendants. | Civil Action No. 6:15-cv-906<br><br>Judge Rodney Gilstrap<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO DISMISS
<u>PLAINTIFF'S CLAIMS FOR WILLFUL INFRINGEMENT</u>**

# TABLE OF CONTENTS

**Page**

I. STATEMENT OF FACTS ................................................................................................1

II. LEGAL STANDARD ......................................................................................................2

III. ARGUMENT ...................................................................................................................3

    A. ZitoVault's Complaint Fails To State A Claim For Willful Infringement By Either IBM Or SoftLayer ................................................................................3

        1. ZitoVault's Willfulness Allegations Against IBM Are Deficient ...............4

            (a) ZitoVault Failed To Sufficiently Plead Pre-Suit Knowledge ..........4

            (b) ZitoVault Failed To Plead Objective Recklessness ........................6

        2. ZitoVault's Willfulness Allegations Against SoftLayer Are Deficient ......................................................................................................7

            (a) ZitoVault Failed To Plead Pre-Suit Knowledge ..............................7

            (b) ZitoVault Failed To Plead Objective Recklessness ........................8

IV. CONCLUSION .................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..................................................................................................1, 2, 3

*Batdorf v. Trans Union, Case No. C 00-0501 CRB*,
 No. C 00-0501 CRB, 2000 WL 635455 (N.D. Cal. May 8, 2000) ............................................1

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..................................................................................................1, 2, 3

*In re Bill of Lading Transmission and Processing System Patent Litigation*,
 681 F.3d 1323 (Fed. Cir. 2012).................................................................................................3

*Callwave Commc'ns LLC v. AT&T Mobility LLC*,
 Nos. 12-1701-RGA, 12-1702-RGA, 12-1703-RGA, 12-1704-RGA, 12-1788-RGA,
 2014 WL 5363741 (D. Del. Jan. 28, 2014)...............................................................................5

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
 No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ................................1, 2, 4, 5

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
 935 F. Supp. 2d 772 (E.D. Tex. Mar. 29, 2013) ..............................................................1, 2, 3

*Funk v. Stryker Corp.*,
 631 F.3d 777 (5th Cir. 2011) ....................................................................................................5

*Hyder v. Quarterman*,
 No. C-07-291, 2007 WL 4300446 (S.D. Tex. Oct. 10, 2007) ..................................................5

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
 434 F. Supp. 2d 598 (N.D. Iowa 2006).....................................................................................1

*In re Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C.*,
 No. 09-4490 (WJM), 2010 WL 2557559 (D.N.J. June 23, 2010) ............................................2

*U.S. Philips Corp. v. ATI Techs., Inc.*,
 No. 05 Civ. 8176(LAP), 2008 WL 2073928 (S.D.N.Y. May 8, 2008).....................................1

*In re Seagate Tech., LLC*,
 497 F.3d 1360 (Fed. Cir. 2007).........................................................................................1, 2, 4

*Semiconductor Energy Lab. Co. Ltd. v. Chi Mei Optoelectronics Corp.*,
 531 F. Supp. 2d 1084 (N.D. Cal. 2007) ....................................................................................2

*Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*,
 400 F.3d 910 (Fed. Cir. 2005)...................................................................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007)..................................................................................................................5


*Touchscreen Gestures LLC v. Research in Motion Ltd.*,
    No. 6:12-cv-263, 2013 WL 8505349 (E.D. Tex. Mar. 27, 2013) ...................................... 1, 2, 3

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12-cv-366, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ........................................ 1, 2, 4

**Statutes**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................... 1, 5

Federal Rule of Civil Procedure 8 .................................................................................................. 2

Defendants International Business Machines Corporation ("IBM") and SoftLayer Technologies, Inc. ("SoftLayer") (collectively, "Defendants") respectfully move to dismiss Plaintiff ZitoVault LLC's ("ZitoVault") willful infringement claims under Fed. R. Civ. P. 12(b)(6) in light of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[1] As shown below, ZitoVault's complaint fails to sufficiently allege that Defendants had (or have) the requisite knowledge of the asserted patent or were objectively reckless once gaining such knowledge, both of which courts in this District require in order to proceed with claims of pre-suit or post-suit willful infringement. ZitoVault's only factual allegation related to knowledge is that the asserted patent was cited on the face of three IBM patents and one IBM patent application (among tens of thousands of issued IBM patents or pending IBM patent applications), which under the law is insufficient to establish "knowledge" for the purposes of willfulness. In addition, ZitoVault makes no factual allegation that IBM was objectively reckless once gaining any "knowledge."

ZitoVault has thus failed to plead facts sufficient to show that it has a plausible claim for willful infringement. Accordingly, ZitoVault's willfulness claim should be dismissed.

I.  **STATEMENT OF FACTS**

On October 16, 2015, ZitoVault filed a complaint against IBM and SoftLayer alleging infringement of U.S. Patent No. 6,484,257 ("the '257 patent"). (Dkt. 1.) In addition to its

---

[1] In view of their present motion, IBM and SoftLayer are not contemporaneously filing an answer with respect to the remainder of ZitoVault's claims. IBM and SoftLayer will file an answer to all remaining claims upon the Court's resolution of the present motion. *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("Therefore, this court . . . holds that a motion pursuant to Rule 12(b), even one that challenges less than all claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *see also Batdorf v. Trans Union*, No. C 00-0501 CRB, 2000 WL 635455, at *4-5 (N.D. Cal. May 8, 2000) ("The filing of a motion to dismiss the other causes of action enlarged the time for [the defendant] to respond to the entire complaint, including those causes of action it did not move to dismiss.").

general infringement allegations, ZitoVault's complaint contends that IBM and SoftLayer each has willfully infringed the '257 patent. The totality of ZitoVault's willfulness allegations is that:

> The '257 patent was cited as prior art during the prosecution of at least IBM U.S. Patent Nos. 6,931,529; 6,981,038; 6,986,061, and U.S. Patent Application No[.] 10/712,665.

(*Id.* ¶ 16.)

> IBM has actual knowledge of the '257 patent and knows that the others' actions, if taken, would constitute infringement of that patent.

(*Id.* ¶ 28.)

> On information and belief, Softlayer has actual knowledge of the '257 patent, at least as of the date of its acquisition by IBM, and knows that the others' actions, if taken, would constitute infringement of that patent.

(*Id.* ¶ 43.)

Notably, the only factual allegation in ZitoVault's complaint possibly related to pre-filing knowledge is ZitoVault's claim that the '257 patent was cited as prior art with respect to certain IBM patents and patent applications unrelated to this litigation. (*Id.* at ¶ 16.) ZitoVault also fails to plead—let alone identify any facts—that the Defendants' actions were "objectively reckless" or that any Defendant willfully infringed any particular claim of the '257 patent. (*See id.*) Despite these numerous pleading deficiencies, ZitoVault's prayer asks for "a judgment that Defendants' infringement of the '257 Patent has been willful." (*Id.* at 9.)

## II.   LEGAL STANDARD

Pleadings for willful infringement are governed by the United States Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Federal Rule of Civil Procedure 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. To survive a motion to

2

dismiss, a "complaint must plead enough factual matter that, when taken as true, states a claim to relief that is plausible on its face." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *Twombly*, 550 U.S. at 570) (internal quotations omitted).  "This plausibility standard is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Iqbal*, 556 U.S. at 678) (internal quotations omitted). "[T]he standard asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* (citing *Iqbal*, 556 U.S. at 678) (internal quotations omitted). "A complaint that merely pleads facts that are consistent with a defendant's liability stops short of the line between possibility and plausibility." *Id.* at 1332 (citing *Twombly*, 550 U.S. at 556) (internal quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

### III. ARGUMENT

#### A. ZitoVault's Complaint Fails To State A Claim For Willful Infringement By Either IBM Or SoftLayer

To "maintain willful infringement claims, [ZitoVault] must demonstrate that [Defendants] knew about the patents <u>and</u> acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, 2013 WL 8505349, at *3 (E.D. Tex. Mar. 27, 2013) (emphasis added); *see also Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 935 F. Supp. 2d 772, 778-79 (E.D. Tex. Mar. 29, 2013) ("To state a claim for willful infringement, a patent holder must plead, among other things, that the infringer 'had knowledge of the patent and of his infringement.'") (quoting *Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918

3

(Fed. Cir. 2005); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (citation to the asserted patent during prosecution of a defendant's patents does not "make actual knowledge of the [asserted] patent's existence by the [] moving defendants plausible."). "With respect to knowledge of the risk of infringement, the patentee needs to plead facts giving rise to 'at least a showing of objective recklessness' as to that risk." *Id.* (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)). Here, ZitoVault has failed to sufficiently plead knowledge or objective recklessness and for each of those independent reasons cannot maintain a willfulness claim against either Defendant.

### 1. ZitoVault's Willfulness Allegations Against IBM Are Deficient

ZitoVault was required not only to plead actual knowledge of the '257 patent but "provide enough facts that, when taken as true, show objective recklessness of an infringement risk." *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366, 2013 WL 8482270, at *5 (E.D. Tex. Mar. 6, 2013). ZitoVault's complaint fails on both fronts—it is both devoid of sufficient allegations to support actual pre-suit knowledge of the '257 patent and "devoid of any facts that create an inference of [IBM's] objective recklessness." *Id.*

#### (a) *ZitoVault Failed To Sufficiently Plead Pre-Suit Knowledge*

ZitoVault's sole factual allegation relating to actual pre-suit "knowledge" of the '257 patent against IBM is the '257 patent was cited as prior art against certain unrelated IBM patents and applications and/or that lawyers prosecuting those unrelated IBM patents and applications cited the '257 patent in information disclosure statements during prosecution. (Dkt. 1, ¶ 16 (citing U.S. Nos. 6,931,529, 6,981,038, 6,986,061, and U.S. App. 10/712,665).) This is woefully deficient even at the pleading stage. The mere citation of a patent as prior art during the prosecution of a patent—among dozens of other prior art patents and published patent applications cited alongside it—is insufficient to support "actual knowledge" allegations for

4

purposes of willfulness.  *See Callwave Commc'ns LLC v. AT&T Mobility LLC*, Nos. 12-1701-RGA, 12-1702-RGA, 12-1703-RGA, 12-1704-RGA, 12-1788-RGA, 2014 WL 5363741, at *2 (D. Del. Jan. 28, 2014) (granting a motion to dismiss because the "citation to the patent in multiple Information Disclosure Statements" was "insufficient to support an allegation of willfulness").  That rationale applies with greater force here where ZitoVault's allegations identify three IBM patents and a single IBM patent application among the tens of thousands of patents in IBM's U.S. portfolio—indeed, IBM has topped the list of recipients of U.S. patents every year since 1983, receiving over 6,000 patents in each of the last three years alone:  7,481 in 2014[2]; 6788 in 2013[3]; and 6,457 in 2012[4].  Under the facts as pled, it is not even remotely "plausible" that IBM had knowledge of the '257 patent for purposes of willful infringement.  *Chalumeau*, 2012 WL 6968938, at *1 (finding citation to the asserted patent in "patent applications from nearly a decade ago" do not "make plausible that either of the defendants had actual knowledge").  ZitoVault's failure to plead facts sufficient to support a claim of pre-suit

---

[2] *Patenting by Organizations (Utility Patents) 2014*, http://www.uspto.gov/web/offices/ac/ido/oeip/taf/topo_14.htm (last accessed Nov. 25, 2015) (indicating 7,481 patents granted to IBM in 2014).  This Court may take judicial notice of these government websites in resolving this motion to dismiss.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("When reviewing a motion to dismiss [under Rule 12(b)(6)], a district court 'must consider . . . matters of which a court may take judicial notice.'") (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Hyder v. Quarterman*, No. C-07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007) ("[t]he Fifth Circuit has determined that courts may take judicial notice of governmental websites" and information available therefrom).

[3] *Patenting by Organizations (Utility Patents) 2013*, http://www.uspto.gov/web/offices/ac/ido/oeip/taf/topo_13.htm (last accessed Nov. 25, 2015) (indicating 6,788 patents granted to IBM in 2013).

[4] *Patenting by Organizations (Utility Patents) 2012*, http://www.uspto.gov/web/offices/ac/ido/oeip/taf/topo_12.htm (last accessed Nov. 25, 2015) (indicating 6,457 patents granted to IBM in 2012); *see also IBM Breaks U.S. Patent Record in 2014*, available at http://www-03.ibm.com/press/us/en/pressrelease/45793.wss (last accessed Nov. 25, 2015); *IBM Sets U.S. Patent Record*, available at http://www-03.ibm.com/press/us/en/pressrelease/45793.wss (last accessed Nov. 25, 2015).

knowledge of the '257 patent—let alone actually allege IBM had "pre-suit knowledge"—is fatal to its willful infringement claims here. *See Touchscreen Gestures*, 2013 WL 8505349, at *2 ("The absence of any allegation of pre-filing knowledge of the patents is fatal to Touchscreen's willful infringement claims."); *Seagate*, 497 F.3d at 1374 ("[A] willfulness claim asserted in the original complaint must <u>necessarily</u> be grounded exclusively in the accused infringer's prefiling conduct.") (emphasis added).

(b)     ***ZitoVault Failed To Plead Objective Recklessness***

ZitoVault's willfulness allegations never mention objective recklessness or attempt to tie the alleged "knowledge" of the '257 patent to the alleged acts of infringement. ZitoVault's complaint merely states: "IBM has actual knowledge of the '257 patent and knows that the others' actions, if taken, would constitute infringement of that patent." ZitoVault provides nothing more, let alone facts that would explain any connection between the citations of the '257 patent as prior art against four IBM patents/applications a decade or more ago and purported "infringement" by "others' actions." *Chalumeau*, 2012 WL 6968938, at *1 (granting a motion to dismiss because the "connection between the moving defendants and the patent applications from nearly a decade ago are not explained sufficiently to make plausible that either of the defendants had actual knowledge"). Thus, even assuming ZitoVault's "knowledge" allegations are sufficient (they are not), ZitoVault nevertheless has failed to allege objective recklessness or plead any facts to support an allegation that IBM has acted despite an objectively high likelihood that its actions infringe the '257 patent. *U.S. Ethernet Innovations*, 2013 WL 8482270, at *5 (dismissing willfulness allegation where: "[the] allegation is devoid of any facts that create an inference of [the Defendant's] objective recklessness; it only makes the conclusory assertion that [the Defendant] had knowledge of the asserted patents and continued to infringe;" and "[w]ithout more, [Plaintiff's] allegation of willful infringement fails to provide adequate notice").

6

## 2. ZitoVault's Willfulness Allegations Against SoftLayer Are Deficient

ZitoVault also has failed to sufficiently allege and plead facts of notice and objective recklessness against SoftLayer.

### (a) *ZitoVault Failed To Plead Pre-Suit Knowledge*

ZitoVault does not allege that SoftLayer had any knowledge of the '257 patent prior to IBM's acquisition of ZitoVault in 2013. (Dkt. 1 ¶ 13.) Indeed, ZitoVault's allegation rests solely on imputing IBM's alleged knowledge to SoftLayer as a result of IBM's 2013 acquisition of SoftLayer: "Softlayer has actual knowledge of the '257 patent, at least as of the date of its acquisition by IBM." (*See id.* ¶ 43.) Accordingly, for the reasons explained above with respect to IBM, ZitoVault has failed to sufficiently plead pre-suit notice against SoftLayer. *See supra* Section III.A.1(a); *see also Fairchild Semiconductor*, 935 F. Supp. 2d at 778-79 ("To state a claim for willful infringement, a patent holder must plead, among other things, that the infringer 'had knowledge of the patent and of his infringement.'"); *Chalumeau*, 2012 WL 6968938, at *1 (finding citation to the asserted patent during prosecution of a defendant's patents does not "make actual knowledge of the [asserted] patent's existence by the [] moving defendants plausible").

Further, even assuming that IBM had pre-suit knowledge of the '257 patent and that it was sufficiently pled, as a matter of law that knowledge cannot be imputed to SoftLayer. It is well established that the knowledge of a parent corporation cannot be imputed to a subsidiary absent a showing that the employees of the parent communicated this knowledge to the subsidiary. *E.g.*, *Semiconductor Energy Lab. Co. Ltd. v. Chi Mei Optoelectronics Corp.*, 531 F. Supp. 2d 1084, 1115 (N.D. Cal. 2007) ("[K]nowledge of a patent by a parent corporation is not necessarily imputed to the subsidiary."); *In re Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C.*, No. 09-4490 (WJM), 2010 WL 2557559, at *4 (D.N.J. June 23, 2010)

("[T]he general rule is that the knowledge of the parent corporation is not imputed to the subsidiary corporation unless a sufficient nexus between them is shown to provide an equitable reason for disregarding the separate corporate existences.") (internal marks and citations omitted); *U.S. Philips Corp. v. ATI Techs., Inc.*, No. 05 Civ. 8176(LAP), 2008 WL 2073928, at *2 (S.D.N.Y. May 8, 2008) ("Before a parent's knowledge will be imputed to its subsidiary, it must be shown that the parent's employees informed of the infringement were under a duty to report that information to the subsidiary."). ZitoVault has not made any allegations or offered any facts in the complaint that IBM passed its alleged knowledge of the '257 patent to SoftLayer, and thus its allegation of "knowledge" is insufficient to survive a motion to dismiss.

Indeed, ZitoVault's allegations of IBM's knowledge are limited to the citation of the '257 patent during the prosecution of U.S. Patent Nos. 6,931,529, 6,981,038, and 6,986,061, as well as U.S. Patent Application No. 10/712,665. (Dkt. 1, ¶ 16.) None of those patents/applications is a SoftLayer patent. And those patents/applications were issued—or, in the case of Application No. 10/712,665, abandoned—long before IBM acquired SoftLayer in 2013. *See* U.S. Patent No. 6,931,529 (issued Aug. 16, 2005); 6,981,038 (issued Dec. 27, 2005); 6,986,061 (issued Jan. 10, 2006); U.S. Pat. App. No. 10/712,665 (abandoned June 16, 2011). SoftLayer, therefore, had no knowledge of the '257 patent prior to its acquisition, and ZitoVault's cannot plead actual knowledge. This failure to allege pre-suit knowledge of the patent-in-suit is fatal to ZitoVault's claim of willful infringement against SoftLayer. *See Touchscreen Gestures*, 2013 WL 8505349, at *2 ("The absence of any allegation of pre-filing knowledge of the patents is fatal to Touchscreen's willful infringement claims."); *see also Seagate*, 497 F.3d at 1374.

        (b)    ***ZitoVault Failed To Plead Objective Recklessness***

Even if IBM's alleged knowledge could be imputed to SoftLayer (it cannot), ZitoVault has nevertheless failed to plead facts showing that SoftLayer acted despite an objectively high

likelihood that its actions constituted infringement of a valid patent, or that this risk was known or so obvious that it should have been known by SoftLayer. *See Seagate*, 497 F.3d at 1371; *U.S. Ethernet Innovations*, 2013 WL 8482270, at *5; *Achates Reference Pub., Inc. v. Symantec Corp.*, 2:11-cv-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013). ZitoVault's only allegation is that: "On information and belief, Softlayer has actual knowledge of the '257 patent, at least as of the date of its acquisition by IBM, and knows that the others' actions, if taken, would constitute infringement of that patent." (*Id.* ¶ 43.) ZitoVault offers nothing more. There is no allegation that SoftLayer has been objectively recklessness. Neither is there any attempt to link the alleged knowledge of the '257 patent to the alleged infringement. Thus, as with IBM, even assuming ZitoVault's "notice" allegations are sufficient, ZitoVault nevertheless has failed to allege objective recklessness or plead any facts to support an allegation that SoftLayer has acted despite an objectively high likelihood that its actions infringe the '257 patent. *U.S. Ethernet Innovations*, 2013 WL 8482270, at *5. Accordingly, ZitoVault's willful infringement allegation against SoftLayer should be dismissed.

## IV.     CONCLUSION

ZitoVault's willful infringement allegations fails to meet the pleading standards set forth by the U.S. Supreme Court in *Twombly* and *Iqbal*, let alone the pleading standards for willfulness required in this District. For the reasons set forth above, Defendants respectfully request that the Court dismiss ZitoVault's claims for willful infringement.

DATED:  November 30, 2015                           Respectfully submitted,

 */s/ Andrew M. Holmes*
J. Mark Mann (State Bar No. 12926150)
State Bar No. 12926150
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
Tel: (903) 657-8540
Fax: (903) 657-6003
Mark@TheMannFirm.com

Charles K. Verhoeven
California State Bar No. 170151
Admitted in E.D. Tex.
Melissa J. Baily
California State Bar No. 237649
Admitted in E.D. Tex.
Andrew M. Holmes
California State Bar No. 260475
Admitted in E.D. Tex.
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Alexander Rudis
New York State Bar No. 4232591
Admitted in E.D. Tex.
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Ave.
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Defendants International Business Machines Corporation and SoftLayer Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 30th day of November, 2015.

                                                */s/ Andrew M. Holmes*
                                                Andrew M. Holmes